UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HOWARD STEELE, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:19-CV-1020-RLM-MGG |

OPINION AND ORDER

Howard Steele, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge his conviction and sentence for burglary and theft under cause number CR80195A imposed by the Marion Superior Court on July 15, 1980. ECF 2 at 1. Habeas corpus petitions are subject to a strict one-year statute of limitations. 28 U.S.C. § 2244(d).

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Mr. Steele argues that the challenged judgment is void because he was sentenced by a Master Commissioner who lacked the authority to impose it; he insists that the Indiana Court of Appeals didn't have jurisdiction to hear his direct appeal because, even though he doesn't say he raised the issue at the time, such jurisdictional arguments cannot be waived. Id. at 2. "Indiana law on this point is clear: 'the authority of the officer appointed to try a case [does not affect] the jurisdiction of the court.'" Taylor v. Butts, No. 1:18-CV-01991-JRS-MJD, 2019

WL 3290531, at *3 (S.D. Ind. July 22, 2019) (quoting Floyd v. State, 650 N.E.2d 28, 32 (Ind. 1994)).[1]

Even if the judgment were void under Indiana law, leaving it open to collateral attack at any time on the state level, *see generally* Koonce v. Finney, 68 N.E.3d 1086, 1090 (Ind. App. 2017) (describing the difference between void and voidable judgments), the *federal* statute of limitations would still apply. A district court in Illinois addressed this precise issue and determined that the petitioner's claims were untimely: Steele v. Lemke, No. 12 C 8303, 2014 WL 148742, at *4 (N.D. Ill. Jan. 14, 2014) (Illinois' voidness rule held not to be an exception to one-year limitations period for federal habeas petitions). Similarly, in Graham v. Borgen, 483 F.3d 475 (7th Cir. 2007), the petitioner waited almost twelve years to file a motion to modify his sentence pursuant to a Wisconsin law that allowed him to do so at any time. *Id*. at 478. He argued that his federal habeas petition was timely because he had filed it within one year of the Wisconsin court's denial of his motion to modify, which he argued was the actual conclusion of his "direct review." *Id*. The court of appeals disagreed, noting that the "inevitable fallout" of accepting petitioner's argument would "effectively eradicate the AEDPA's one-year statute of limitations." *Id*. at 482. If allowed,

---

[1] In *Floyd*, the appellant maintained that the court officer who conducted the trial and sentencing was not properly appointed and, thus, lacked authority and jurisdiction over him. *Floyd*, 650 N.E.2d at 31–32. The Indiana Supreme Court disagreed and determined that defect was not jurisdictional and that "the failure of a defendant to object at the original trial to the jurisdiction of a court officer to enter a final appealable order operates as waiver of the issue both on appeal . . . and on collateral attack in a proceeding for post-conviction relief." *Id*. at 33. The sentencing transcript attached to the instant petition indicates that Mr. Steele did not raise the issue during sentencing, and he concedes that he never presented it to the Indiana Supreme Court. *See* ECF 2 at 4; ECF 2-1 at 3–9.

"[p]risoners could make an end-run around the federal limitations period," which would essentially defeat the purpose of enacting it to begin with. *Id.* Thus, the court concluded, the petition was untimely. *Id.* at 483. The sound reasoning of *Steele* and *Graham* applies equally here.

Nothing in Mr. Steele's answer or any other part of the petition indicates state action impeded him from filing a federal habeas corpus petition sooner, that his claims are based on a newly recognized constitutional right, or that his claims are based on newly discovered evidence. Accordingly, the limitation period began to run under 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review. Mr. Steele was sentenced on July 15, 1980. ECF 2 at 1.[2] According to Mr. Steele's petition, the Indiana Court of Appeals affirmed the trial court on September 29, 1981, and Mr. Steele didn't seek transfer to the Indiana Supreme Court. *Id.* As a result, his conviction became final on October 19, 1981. *See* Ind. R. App. P. 11 (Burns IN Stat. Anno., Code ed., Court Rules, Bobbs-Merill Co., 1980) (allotting twenty days to petition for rehearing and transfer).[3] Because Mr. Steele's conviction became final before the effective date of § 2244(d), his one-year limitations period didn't actually expire until April 24, 1997. *See* Newell v. Hanks, 283 F.3d 827, 833 (7th Cir.

---

[2] *See* State of Indiana v. Steele, cause no. CR80195A, filed Apr. 17, 1980, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjlzbTBlWXRoQ1 E2MzU2ZjBDTEROVW1nZ28zREx2U3ZCSW9ILXJIMVlmcUkxIn19 (last accessed on May 19, 2020); *see also updated case number for State of Indiana v. Steele*, cause no. 49G01-8004-FA-011512, filed Apr. 17, 1980, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ii1jOWNwNkZp akpIQk1aMlU2WmVjNEExZ1hsaFRMWllnTTdVXzRaVHBzTVUxIn19 (last accessed on May 19, 2020).

[3] This rule has since been renumbered and recalculated as Rule 57.

3

2002); *see also* Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000) ("[Petitioner] was convicted before § 2244(d) came into being as part of the Antiterrorism and Effective Death Penalty Act. We therefore treat April 24, 1996, as the beginning of his year to seek federal collateral review.").

Mr. Steele says he filed a post-conviction relief petition on September 13, 2000 (ECF 2 at 2), but that petition did not "restart" the federal clock or "open a new window for federal collateral review." De Jesus v. Acevedo, 567 F.3d 941, 942–943 (7th Cir. 2009). Neither did the motion for relief pursuant to Rule 60(B) that Mr. Steele filed on March 28, 2017,[4] or the various motions to correct his sentence and attempted successive post-conviction petitions. *Id.*; *see also* ECF 2 at 2–3. This petition must be dismissed because it is untimely.

Mr. Steele also moved for appointment of counsel. ECF 6. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case if "given the difficulty of the case and the litigant's ability,

---

[4] In March 2017, Mr. Steele filed a Rule 60(B) motion in the trial court alleging that the 1980 judgment was void. The motion was denied, and Mr. Steele appealed that decision in May of 2017. The State filed a Verified Motion to Dismiss the Appeal, arguing that Rule 60(B) was not the proper vehicle to raise such a challenge and noting that, "Our Supreme Court has observed that . . . the proper procedure is for defendants to proceed under post-conviction rules. Lottie v. State, 273 Ind. 529, 538, 406 N.E.2d 632, 639 (1980), overruled on other grounds by Ludy v. State, 784 N.E.2d 459 (Ind. 2003)." The Indiana Court of Appeals agreed and granted the motion to dismiss on October 30, 2017. Mr. Steele filed a motion to set aside that ruling, which was denied on February 7, 2018. Mr. Steele did not appeal that decision to the Indiana Supreme Court (ECF 2 at 5), although he had 45 days—or until March 24, 2018—to do so pursuant to Indiana Rule of Appellate Procedure 57. Mr. Steele didn't sign this federal habeas petition until November 6, 2019. ECF 2 at 5. Thus, even assuming for the sake of argument that Mr. Steele's Rule 60(B) motion could be considered a continuation of his direct review and that the judgment did not become final until March 24, 2018, his federal habeas petition would still have been filed too late pursuant to § 2244(d). *See generally* Steele v. State of Indiana, cause no. 49A04-1705-CR-01057, filed May 4, 2017, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ii1DMDdPYkVhOUg0X3pHU1BLUFRJYWtVbUdsVVB6QjBDZnZONE9rdk5UT00xIn19 (last accessed on May 19, 2020); *see also* State of Indiana v. Steele, cause no. 49G01-8004-FA-011512, filed Apr. 17, 1980, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ii1jOWNwNkZpakpIQk1aMlU2WmVjNEExZ1hsaFRMWllnTTdVXzRaVHBzTVUxIn19 (last accessed on May 19, 2020).

[he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). For the reasons already discussed, the petition is untimely, so Mr. Steele would have no chance of winning even with a lawyer at his side. The motion must be denied.

Finally, under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Mr. Steele to proceed further, and a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES the motion to appoint counsel (ECF 6);

(2) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(3) DENIES Howard Steele a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(4) DENIES Howard Steele leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(5) DIRECTS the clerk to close this case.

SO ORDERED on May 26, 2020

                                        s/ Robert L. Miller, Jr.
                                        JUDGE
                                        UNITED STATES DISTRICT COURT